We are asking, on behalf of Paul F. Doering, for the Court to reverse and remand for resentencing on two bases. The first, the District Court's erroneous award of restitution, and secondly, its imposition of a substantially unreasonable custodial sentence. I take those issues up in that order largely because the restitution issue has become somewhat less complicated in this case based on the government's concession that the District Court did err in its award of restitution. It's important to set the stage a little bit to recall how this happened. Mr. Doering was originally charged with felon in possession of a firearm. He was potentially subject to an armed career criminal mandatory minimum sentence. In the course of plea negotiations, a plea was reached for him to plead guilty to a count of tampering for temporarily hiding some of the ammunition and lying to law enforcement about what happened in the incident in which the firearm was discharged. The District Court awarded restitution based on the Mandatory Victim Restitution Act 3663A, which provides for restitution that's mandatory in a limited class of cases, and the government's conceded that this is not that case because in the end, the tampering offense is just simply not an enumerated case. So we agree with the government that the case should be remanded for that issue to be considered below, or excuse me, for the District Court to reconsider the issue below in light of a couple other things. First, the District Court did not consider as it should under 3663A, the Victim and Witness Protection Act, the ability of Mr. Doreen to pay restitution. We presented that argument and it wasn't ultimately considered. If you look at the written opinion issued by Judge Viken in this case, he proceeds to award restitution under the MVRA and he doesn't address the issue of Mr. Doreen's ability to pay. So that issue needs to be considered on remand. We've also addressed in the brief the application of 3663 in general and the limitation on an award of restitution to the offense of conviction. It is our position in this case that under 3663A, restitution is not available because there was no victim of the tampering offense as that term is defined in 3663A and we've cited the appropriate cases that deal with that. Well, didn't he agree in the plea agreement to make restitution to these several people? He agreed, Your Honor, to make restitution to three enumerated folks. I thought it was four, Pruneda, Ellis, Knutson, and Haynes. If it's, I've got the provision from, Your Honor. Page six, paragraph I. It is four. Mr. Haynes ultimately didn't submit a request. I see, all right. So three were actually awarded. So why is there a problem with that? I don't understand. I thought the statute provides that if the plea agreement calls for it, then the limitation on victims is not applicable. 3663A provides in the language that an award may be made to the extent agreed in the plea agreement. I think it's, again, important to recognize where that came from. That amendment along with the amendment that immediately precedes it in the victim definition for awards of restitution beyond the count of conviction arose from a Supreme Court case we cited in Huey where the individual entered a plea to one count of a multi-count indictment and restitution was awarded to many individuals or to an individual for many of the offenses, not all of which were the count of conviction. The Supreme Court said that's right. The limitation exists. You can only get restitution for the count of conviction. I think what that provision deals with then when you see the cases that have interpreted this are those instances where you have an individual who is harmed multiple times or multiple individuals who are harmed by an ongoing enterprise, not individuals who just aren't covered under the victim definition. If I can explain that a little bit more, it would be this. I have a defendant who has a multi-count indictment of identity theft and fraud. They're using someone else's bank accounts to obtain financial information. Those carry two-year mandatory minimums. As part of the plea agreement, there's a plea agreement reach that they're going to pay. They're going to enter a guilty plea to one individual limiting the custodial sentence, but they'll make restitution to all of those individuals. They can agree to that because each of those individuals is a victim as defined by 3663, an individual who's directly and proximately harmed by the offense of conviction. Similarly after Huey, Congress amended the statute to provide that restitution can be made to individuals who are not part of the count of conviction when there is an element of the offense that is an ongoing scheme or conspiracy. Again, the example would be there's a multi-count conspiracy or there's a conspiracy that identifies some but not all individuals. In that instance of, again, fraud or theft, you have people who are victims. They're directly or proximately harmed, but they might not be from the count of conviction. What we don't think the statute can do under that provision, Judge Collin, that you're citing is expand who is a victim. Which provision did I cite? The provision that's referred to in 3663 is A sub 3, which provides the court may also award restitution in any criminal case to the extent agreed to by the parties in a plea agreement. You say the parties did not agree here to the extent of adding these other people? I think two things are relevant, Your Honor. The first is I don't think the parties can agree to expand, if you look immediately above, who is a victim of an offense. The person has to be directly and proximately harmed. That's limitation number one. It would be akin to agreeing in the plea agreement to a sentence of 11 years on a 10-year mandate or a 10-year maximum. How about A1A? Do you think that's relevant? The court may also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense. Are you familiar with that? I am, Your Honor, and I think it has the same limitation in the end, that what was being addressed with those amendments was the instance where you have multiple counts of conviction and some people who are, in fact, victims are left out in the cold because they're not part of the count of conviction. This one says persons other than the victim. Of the offense, and I think, again, is the offense of conviction. What our point, Your Honor, is that regardless of who is agreed in or out of the plea agreement, for the person to get restitution under 3663A2, you have to be a victim. You have to be directly or proximately harmed as the result of the offense. Maybe I've missed the boat here, and you can tell me. But I thought the problem that both sides were agreeing on was that the offense of conviction was not an offense of conviction that normally allows for restitution, and then that the plea agreement did not specifically state that one of those offenses gave rise to the plea agreement. I thought that was the real problem here. Where did I go wrong? You've caught the boat, Judge Shepard. It's just that there are two boats going, I think, is the problem. Under 3663A, the mandatory statute, which the government concedes, that's only applicable to a limited number of cases, and this wasn't one. Or if there's a specific reference to 3663A as the offense giving rise to conviction, which there was not. So the government agrees that the district court erred in applying 3663 under the mandatory statute. Well, that's one of the problems. That's one problem. We then go on to the second problem, which is that on remand, the general restitution statute, 18 U.S.C. 3663, no capital A can be considered. And we see two limitations there. First is that the district court did not consider Mr. Dorrian's ability to pay. The government agrees with that, that the district court didn't do that and that was there. Where we go one step further and that the government hasn't addressed in its briefing, so I don't know its position on that, is that 3663A just can't, 3663, excuse me, the general statute just can't apply because the four enumerated individuals are not victims as defined in the statute. So the government agrees with you on the first vote but has not agreed on the second. The only fighting issue is whether these folks are victims. And so what exactly, if you were writing this opinion, what exactly would you order? I think probably the best resolution is to order reverse and remand for consideration under 3663 because as you look at the district court's opinion, it did not address the issue whether these folks are victims. It says that there was an agreement under the plea agreement but it didn't deal with that issue and it really makes its award under 3663A. So I think probably the most efficient, if the district court has to consider ability to pay anyway, is to just remand for reconsideration under 3663 dealing with both the issue of Doreen's ability to pay and our argument that 3663 doesn't apply, which I just don't think was fully addressed. You mean you want us to say that it doesn't apply and that the court's not authorized to order restitution as agreed to by the defendant? I don't think 3663 applies in this setting, Judge Collin, because these people aren't victims but I guess to the question of what's the best resolution . . . What are you asking us to do? I would ask for reversal and remand for reconsideration of the restitution issue on Doreen's ability to pay and whether these are individuals who are victims who can receive restitution. You just want us to tell the district judge to consider that. You don't want us to rule that these people are not eligible to receive restitution. I don't think it does, Your Honor, and certainly if the court concludes that, that's our argument is that it doesn't apply, but I guess the reality is I have to be fair to the district court below that I don't know how well it explored that issue. When this court's trying to assess a district court or below and the issue's not fully addressed . . . All right, I understand. Thank you. I did have one other question. Why isn't this restitution issue waived? Under the appeal agreement? Yeah, the plea agreement says the defendant waives all defenses and his right to appeal any non-jurisdictional issues and then it excludes variances. Because to the degree the award of restitution exceeded the statutory authority, it'd be an illegal sentence under Andis. If the court imposed restitution and it didn't have statutory authority, that's an illegal sentence just like imposing a sentence beyond the statutory max would be. A court can give within the statutory max and that's permissible, but if it goes beyond the statutory max or statutory authority, it's an illegal sentence. So that's our position as to that. If the court doesn't have other questions right now, I'd reserve the remaining time for rebuttal. Thank you. Okay, very well. Thank you. Mr. Kelderman, you may proceed. Thank you, Your Honor. May it please the court and counsel, I'll go right to the issues that were being addressed during Mr. Fulton's argument. And Judge Colleton, I believe you hit exactly the point that I was going to make at the end of 18 U.S.C. 3663a 1a. It's the first paragraph of the statute. The last sentence of the statute says the court may also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense. I believe that that removes any doubt as to whether the individuals named in the plea agreement in this case discussed at the sentencing hearing, whether they are entitled to or may receive restitution. The provisions in A2, the statutory subsection A2 defining victim, I don't believe they come into play here because the first section, the first subsection specifically says that it can go to persons who are not victims of the offense. So you think we should just remand for consideration of ability to pay? Yes, Your Honor. Because he didn't proceed under 3663? Yes, Your Honor. And that, I mean, that's something that the district court certainly did not consider the ability to pay. And it was at my urging. It was at my argument, or at least I certainly requested that the court not consider that. Although I did say, I did concede toward the end of the hearing that the court could look at his ability to pay, essentially it was that I didn't mind if the court did, but it's pretty clear from the court's order that it considered this an MVRA case, 3663 A case. And I believe that it does, the court will need to look into the issue of the defendant's ability to pay. So do you think that by referencing 3663 in the plea agreement just generally, that that subsumes all of those provisions? So what if you had just said, pursuant to 3663 A2, that references the definition of victims, would we still be in the same position? No, I believe the plea agreement, Your Honor, as I, of course, after Mr. Fulton filed his case, I believe that the MVRA requires in a case like this, where it's not a, it's not in and of itself, a tampering offense is not in and of itself a mandatory restitution case. So you'd agree without that, no, no restitution under 3663, without this provision in the plea agreement? No, Your Honor, I believe the court still has statutory authority to order restitution. It's just that in this case, we had, we had an agreement to it, if I'm understanding the court's question. So your position is that these individuals named are victims of the offensive conviction? They are victims of the offensive conviction. It's just, it's that the offensive conviction does not call for mandatory restitution. And in any event, as I noted, and I think it's, has been discussed here, it is a case where they did, the defense did agree to this in the plea agreement in any event. And so restitution may be ordered pursuant to the non-mandatory statute, 3663. I'm going to move on to, I mean, the first argument that I... Never mind, go ahead. I'll move on... This man pled guilty to tampering, right? He did. Tampering with what? It was tampering with the evidence of the shooting that occurred. The, I guess the evidence really in this case would have been evidence of his possession of a firearm as a felon. So he tampered with a witness who would have helped in that felon in possession case, or with evidence rather, with evidence, not with a witness. Yes, your honor. He tampered with the evidence by hiding empty shell casings. All right. Well, I don't understand how these four people are victims of the, of the evidence tampering. I understand your argument that he agreed to it in the plea agreement and you say the statute authorizes restitution agreed to in a plea agreement, but I thought you were making an alternative argument that even if there were not a plea agreement, these four people are victims of the tampering offense. Is that what you're saying? I really, I, I believe... Go ahead. I was trying to say that I believe that they were victims of the underlying conduct. I am sorry for misstating it that way. You're really relying on the plea agreement to get to the restitution. Very much, your honor, because in this case, certainly had it not been in the plea agreement, I don't know what would have happened and it was definitely a precaution that was taken. Okay. Unfortunately, I didn't take the precaution of adding the additional language from the mandatory statute saying that a mandatory crime, a mandatory restitution crime gave rise to the plea agreement. And I'm not sure that it could have been in there because I don't know if the felon in possession of a firearm charge would have supported mandatory restitution either. So certainly the plea agreement is easily the strongest argument that I would have as to why restitution was appropriately considered and may be appropriately considered. Okay. First argument that I make in my brief is that the appeal in this case was waived. Judge Colleton, I don't have it in my brief. You asked a question toward the end of Mr. Fulton's argument about why the restitution issue isn't waived. You're not really arguing that waiver, I guess. I am not. I believe, in fact, your honor, that there is a circuit case law that says that restitution is a separate thing from the general appellate waivers. I don't know about that. Anyway, you're waiving any waiver argument. As to restitution, yes. I believe it's appropriate to remand. But the rest of the appeal, the sentencing, the custodial sentence and other attendant circumstances here was waived. The plea agreement specifically had in paragraph G four departures. Four departures that Mr. Fulton and I discussed that we knew could possibly apply in this case. The United States was going from a case with a mandatory minimum sentence of 15 years up to life, reducing it to a plea to a tampering charge, which carried, as outlined in the briefs and as outlined in the record, a much lower guidelines range. Those negotiations included discussions and obviously it came to result in a plea agreement where the United States wanted the defendant to waive certain appeal rights. And they're specifically outlined in paragraph G. The defendant acknowledges that the case is unusual because those four departures and the law that supports them could apply to his case. And then you get to paragraph P of the plea agreement and he waives his right to appeal departures based on those four outlined departures and variances based on similar grounds. But here the court clearly applied two of the departures. It applied the departure under sentencing guideline 5K 2.6 based on dangerousness, use of dangerous weapons and instrumentalities. The court discussed it at length. First of all, at the plea hearing, the court went over these departures. Paragraph G, paragraph P in the waiver, the court went over those with the defendant, with Mr. Doering, asked him, do you understand that I can go up based on this departure and you won't be able to appeal it? All the things that the district court was required to do, it did. And it did that with all of the departures. Ultimately, the court applied a 10 level total departure under 5K 2.6, the weapons and dangerous instrumentalities. Five each for two victims who were seriously injured. They received serious bodily injury. The court looked over to the assault guideline and the five level increase that generally goes along for serious bodily injury. It looked at it here and noted that there were two people seriously injured. Ultimately, applied a five level increase for each of those two victims. Or at least those two people who were outlined in the plea agreement. The court also noted, and it's appropriate under 5K 2.6 to look at the dangerousness of the weapon, a loaded 45 caliber pistol. It's also appropriate to look at whether that weapon was discharged. Here it clearly was discharged and three people in a vehicle, three people were injured and a vehicle was damaged. What the court did was it applied the exact guideline, the exact two guidelines or two of the four, I'm sorry, two of the four guidelines that the defendant agreed could apply to his case. Once the court applied those guidelines and based its sentence upon those guidelines, the appeal was waived by the work of paragraph P of the plea agreement. In any event, if the court determines that it wasn't, that the appeal was not waived and it shouldn't be dismissed, that the case is properly here for that consideration, the sentence imposed was reasonable. The court went over the circumstances surrounding this offense, surrounding the offense of conviction and the underlying charge, which is appropriate under 5K 2.21. It made defendant-specific findings. The sentence was substantively reasonable and on that basis, I ask that the court affirm, dismiss the appeal based on the appeal waiver. If the appeal is not waived and is not dismissed, I ask that the court find that the sentence was substantively reasonable and remand for consideration of the defendant's ability to pay under 18 U.S.C. 3663A. . The injuries being compensated, have to be results of crime. Our point here is that tampering just is not the proximate cause of the injuries of those individuals that were awarded restitution, and so they just don't get restitution. So are you saying by referencing 3663 in the plea agreement, that's not enough to trigger the phrase, the court may also order, if agreed to by the parties in the plea agreement, restitution  process? You're saying that the broad reference to 3663 doesn't trigger that portion of 3663? I'm saying that to be triggered under a plea agreement, you still have to be proximately harmed by the criminal conduct. That if you call someone a victim in the plea agreement, and they weren't harmed by their criminal conduct, you can't make them such. And is that the language of the plea agreement that says the victims? The plea agreement just refers to the four individuals, and then says that restitution will be made to them pursuant to the statutes. So the inference is, if they do in fact qualify under these two provisions, then they get restitution. And the government's view is, no, you agreed to it, all of 3663, you're stuck with that. Correct. Because otherwise, you could agree in a plea agreement to make restitution to someone who has no injury flowing from that, who's got derivative costs, or things like that. You have to be harmed by the criminal conduct for it to be a legitimate order. And it requires a 3663 analysis. That's what you're saying your plea agreement was asking the court to do. Go through the 3663 analysis to see whether they are entitled to it. Correct. That the hole that's being plugged is where you have multiple counts for multiple victims, and the plea agreement leaves them out in the cold, and they're otherwise able to be awarded. Where does it say that in the plea agreement? The plea agreement says, hereby agrees to make restitution to these four people pursuant to 3663. Right. And our argument is that to qualify under either of those statutes, you have to be a person who fits within the statute. You can't, that you can't by the plea agreement fit someone into the restitution statutes. You could agree to make restitution to someone who would otherwise have been frozen out. Why did you agree to it? Why did you agree to it then? Because it was what was requested by the government. You're saying you requested to something that's not authorized by statute. Correct. And I don't think it's our obligation to correct the government if we see an error that runs in our favor in the plea agreement. Did you raise all these arguments you've made today before the district court? We raised the application of 3663 and the ability to pay in our written objections to the restitution, and there was also a restitution hearing where it came up. So you want us to say that the statute that says the court may order restitution agreed to by the parties in the plea agreement is limited to people who qualify as victims under A2? People who are directly and proximately harmed by the conduct, yes. By the conduct. Where does it say that? Where are you getting that idea? Again, in the definition of victim in A2. It doesn't say resulted by the harm by the conduct. It says harmed as a result of the commission of an offense for which restitution may be ordered. I guess what I'm shorthanding that is the criminal conduct, Your Honor. Yes, it says exactly that. So you want us to say that you can only give restitution pursuant to a plea agreement if the person named in the agreement was harmed as a result of the, directly and proximately harmed as a result of the commission of what offense? I think that's where some of the confusions arise, Your Honor. What we're saying is that this subsection and subsection 3 is there to catch someone because the Supreme Court said in Huey, only those people and only those amounts in the offense of conviction get awards. If a person is harmed by the individual's criminal conduct, again, in the identity theft case, three individuals or an individual with three separate transactions, the government can plug that hole by agreeing that they will make restitution in an amount beyond the one count or the one individual. What they can't do is take someone's injuries, which were not caused by the criminal conduct here, tampering, and say they were in fact caused by that criminal conduct. So it's got to be limited to the offense of conviction then, tampering. I guess a more accurate way is to say that there has to be a proximate cause by the criminal conduct, which here there was not. All right. Very well. Anything else for Mr. Fulton? Okay. Thank you for your argument. The case is submitted.